UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | NO: 2:19-CR-0088-TOR-1, 2 |
| v. | PROTECTIVE ORDER |
| PAUL CLAY GILCHRIST, COLTON LAMONT BETHA, | |
| Defendants. | |

The United States of America, having applied to this Court for a discovery protective order regarding the disclosure of discovery and sensitive information (the "Discovery") to Defense Counsel in connection with the United States' discovery obligations, and the Court finding good cause therefore, it is HEREBY ORDERED:

1. The United States' Unopposed Motion for Discovery Protective Order (ECF No. 24) is **GRANTED**.

2. Pursuant to the discovery obligations previously imposed by the Court, the United States is authorized to disclose discovery in its possession and any Protected Information contained therein. As used herein, "Protected Information"

PROTECTIVE ORDER ~ 1

means sensitive personal, business, and financial information of defendants and third parties, including for example, social security numbers, driver's license and identification information, taxpayer identification numbers, tax information and records, salary information, dates of birth, birth places, addresses, phone numbers, e-mail addresses, personal photographs, cooperating witness information, and financial and business account numbers and information.

3. Counsel for Defendants (hereinafter "Defense Counsel") shall not share or provide any discovery items produced by the United States in this case with anyone other than designated Defense Counsel, defense investigators, retained expert witnesses, and support staff. Defense Counsel may permit their respective Defendant to view unredacted discovery items in the presence of Defense Counsel, defense investigators, and support staff. Defense Counsel personally, or through Defense Counsel's investigators and support staff, may show unredacted discovery items to witnesses in regard to items or events about which a witness may have personal knowledge. Defense Counsel and his investigators and support staff shall not allow his respective defendant or witnesses to copy Protected Information contained in the discovery.

4. The discovery and information therein may be used only in connection with the litigation of this case and for no other purpose. The discovery is now and will forever remain the property of the United States. At the conclusion of the case, Defense Counsel will return the discovery to the United States, will certify that it has been shredded, or, if the materials are still needed, will store it in a secure place and not disclose it to third parties. If the assigned Defense Counsel is relieved or substituted from the case, Defense Counsel will return the discovery to the United States or certify that it has been shredded.

5. Defense Counsel shall store the discovery in a secure place and will use

reasonable care to ensure that it is not disclosed to third persons contrary to the Protective Order.

6. Defense Counsel shall be responsible for advising their respective defendant, employees, witnesses, and other members of the defense team of the contents of this Protective Order.

7. This Protective Order shall also apply to any new Defense Counsel that may later become counsel of record in this case.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

DATED May 29, 2019.



THOMAS O. RICE
Chief United States District Judge

PROTECTIVE ORDER ~ 3